IN THE SUPERIOR COURT OF GUAM

In the Matter of:          )    SPECIAL PROCEEDINGS CASE NO.:
                            )    SP0093-12

ABRAHAM Q. SANTIAGO,        )

                        )      **DECISION & ORDER**
            Petitioner, )       **(Motion to Dismiss)**

   vs.                          )

CIVIL SERVICE COMMISSION,    )

              Respondent, )

   and                        )

DEPARTMENT OF CORRECTIONS,   )

       Real Party in Interest )

This Matter came before the HONORABLE MARIA T. CENZON on March 6, 2013 on Petitioner's Amended Petition for Judicial Review. Mr. Dan Somerfleck represented petitioner. Civil Service Commission was represented by Ms. Sophia Santos Diaz. Asst. Attorney Donna Lawrence represented Department of Corrections.

At the hearing, Counsel for Petitioner informed the Court that his client died on December 30, 2012 and that he is unsure of how to proceed. Subsequently, on March 11, 2013, Petitioner's counsel submitted a declaration attesting that the Petitioner's sister confirmed that the instant matter should be dismissed and that there was no information or guidance from any administrator for Petitioner's estate, if any.

Counsel for Petitioner attempted to contact the Administrator of his client's estate, but he was informed by Decedent's next of kin that they did not intend to administer the estate at this time. Counsel for Respondent moved to dismiss the case on the basis of Petitioner's death. Court ordered Counsel for Petitioner to file a declaration as to Petitioner's death and ordered

Respondent to file its motion. Counsels for Petitioner and Respondent filed their respective pleadings on March 11, 2013.

Courts have jurisdiction to hear cases and controversies. U.S. Const. Art. III, § 2. The issues in a case must remain "live" throughout all stages of the proceeding. *Burbine v. Scribner*, 445 Fed. App'x. 923 C.A. 9 (Cal.2011) (citing *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78. An action becomes moot when the issues are no longer "live," meaning, "the parties lack a legally cognizable interest in the outcome." *Id.* (*citing Powell v. McCormack*, 395 U.S. 486, 496).

When a petitioner's death precedes the issuance of judgment in a special proceeding, courts have found that the petition is denied as moot, and a motion to dismiss should be granted. Giffery v. Lindsay, 349 F.3d 1157 (finding petition for a writ of habeas corpus should be dismissed as moot);see also *Gornto v. MacDougall*, 482 F.2d 361, 361 (5th Cir.1973) (per curiam) (vacating as moot published opinion where habeas appeal was argued and submitted prior to Petitioner's death but where opinion was filed after Petitioner's death); *see also McMann v. Ross*, 396 U.S. 118, 118, 90 S. Ct. 395, 24 L.Ed.2d 303 (1969) (per curiam); *Hillman v. McCaughtry*, 14 F.3d 350, 350-51 (7th Cir.1994) (per curiam); *Knapp v. Baker*, 509 F.2d 922, 922-23 (5th Cir.1975) (per curiam); *Hann v. Hawk*, 205 F.2d 839, 839-40 (8th Cir.1953) (per curiam), *reh'g denied*, 207 F.2d 82 (8th Cir.1953). Petitioner's death renders this case moot. *Garceau v. Woodford*, 399 F.3d 1101, 1101 (9th Cir.2005).

Further, Petitioner's requested relief is expungement, back pay, benefits and attorney's fees and costs. Relief of expungement, and other forms of relief typical of special proceedings cases such as unlawful detention or release from probation requirements, are personal remedies, "unique to the Petitioner himself and cannot be transferred." *Pennewell v. Carey*, No. 2:06–

cv0598 JKS EFB, 2008 WL 1860166, at *1 (E.D.Cal. Apr.23, 2008). In other words, the claims are extinguished upon Petitioner's death and no party can be substituted for him. *Id.* Thus, even if Petitioner's heirs wished to pursue the claims of the estate, the request for expungment would not survive Petitioner's death.

Therefore, it is hereby ORDERED that the matter is **DISMISSED** as moot because there is no longer a live case and controversy or relief that can be granted. All subsequent trial dates for pending actions related to this matter are vacated.

**IT IS SO ORDERED** this ___9th___ day of April 2013.

**HONORABLE MARIA T. CENZON**
Judge, Superior Court of Guam

APR - 9 2013